## R. K. WHITE, ET AL., *v.* CITY OF LOUISVILLE.

**Mandamus—Petition—Demand.**

      A petition asking for a mandate against a city to remove an obstruction in a street is insufficient which fails to allege that the proper authorities of said city had been applied to to remove said obstruction and refused to do so.. An application to the city attorney is not sufficient, for removing obstructions from streets is not one of the duties of city attorneys.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 20, 1876.

OPINION BY JUDGE ELLIOTT:

This is an appeal from a judgment of the common pleas court of the city of Louisville, sustaining a demurrer to the petition of the plaintiffs.

The petition of the plaintiffs states that Henderson and others had inclosed parts of Baird street, between Seventeenth and Eighteenth streets, in the city of Louisville, and that the city had obtained judgment against them for the possession of that part of said street so obstructed and inclosed by them, but that said city had refused to take possession of said part of said street so recovered by it, and remove said obstructions, and a mandamus against them is asked.

The petition fails to state that the proper authorities had been applied to to remove said obstruction and take possession of said street. It is true the plaintiff states that they had applied to the city attorneys for the removal of the obstructions in Baird street, but as the powers of an attorney generally cease on the obtention of the judgment he was not the party to whom they should have applied for redress of their grievances. In Angell and Ames on Corporations, Sec. 707, page 779, it is stated as follows: "In general it should be observed that a mandamus will not be granted unless it is clear that there has been a direct refusal to do that which it is the object of the writ to enforce, either in terms or by circumstances which distinctly show an intention not to do the act required. Were complaint made whilst the act is proceeding the proper precaution does not excuse a specific demand to do the thing required." There is no evidence in this record that there was any application to the proper agents of the defendant or demand made of them for the removal of the obstructions in Baird street, and this application for the writ of mandamus is based on the sole ground that the city of Louisville has sued some of its citizens for a part of a street possessed

and obstructed by them; and having recovered possession of the street it has failed to issue its writ of possession and obtain possession of the same when, if the plaintiff had applied to the proper authorities, they might have given them sufficient reasons for the failure of the city to open said street to the width of sixty feet.

Cities have a large discretion in the improvement of their streets with which this court will not interfere, unless in cases of gross abuse of such discretion. By ordinance No. 522, Sec. 8, it ordained that "no one shall inclose any street or alley or part of any street or alley with any fence or wall, or in any other manner whatever," and by Sec. 9 the penalty for its violation is a fine of twenty dollars for each days repetition of the offenses denounced by said section eight, so that the public or those who use the streets of Louisville are not without remedy for the obstruction of its streets and alleys. And we are of opinion that this extreme remedy ought not to be resorted to in this case.

Therefore the judgment of the court below is *affirmed.*

*W. R. Thompson, R. H. Thompson, for appellants.*

*T. L. Burnett, for appellee.*

